UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. FAMBRO, | : | Case No. 2:22-cv-1826 |
| Plaintiff, | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| DECARLO BLACKWELL, et al., | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION

William L. Fambro, an Ohio prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil rights action under 42 U.S.C. § 1983. (Civil Cover Sheet, Doc. 1-2). He seeks to recover for the loss of his personal walking stick while in state custody. (Complaint, Doc. 5). The case is currently before the undersigned Magistrate Judge to conduct the initial screen of the Complaint required by law. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Undersigned **RECOMMENDS** that this Court **DISMISS** the case for failure to state a claim on which relief can be granted.

## I.      Initial Screening Standard

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is also proceeding *in forma pauperis*, the Court is required to conduct an initial screen of his Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory.'" *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

II. **Claims and Parties**

William L. Fambro is the plaintiff in this case. He sues several defendants employed by or associated with the Ohio Department of Rehabilitation and Correction ("ODRC") and London Correctional Institution ("LoCI"). (Complaint, Doc. 5, PageID 39, 42-43). He names as

defendants DeCarlo Blackwell (the Inspector at LoCI); Mallory Popovich (a case manager at LoCI); Jason Condrac (a Unit Manager Administrator ("UMA"), and Americans with Disabilities Act Coordinator, at LoCI); LoCI itself; the ODRC; and possibly Annette Chambers-Smith (Director of the ODRC).[1] (*Id*., PageID 39, 42-43).

Plaintiff alleges in his Complaint that he is a totally blind and disabled inmate currently residing at LoCI. (Complaint, PageID 39, 43). He asserts that he and his family bought a walking stick for him to use in 2000, which he brought to prison with him. (*Id*. at PageID 43-44). He describes the walking stick as "a Sterling Silver Skull Ebony Walking Stick With Ruby Eyes," valued at $6,050. (*Id*., PageID 43).

On August 8, 2018, when Plaintiff was transferred from LoCI to Richland Correctional Institution ("RCI"), his walking stick was lost or stolen. (*Id*., PageID 43). He says that he has brought this matter to the attention of staff members at both LoCI and RCI, but that the walking stick has not been found, returned, or replaced. (*Id*., PageID 43).

Plaintiff alleges that he has suffered mental anguish, heightened anxiety, and depression as a blind inmate in the years since his walking stick was lost or stolen. (*Id*., PageID 43-44). He also asserts that he has suffered physical injury navigating without his walking stick. (*Id*., PageID 44 ("My Physical Injury Was Due To A Fall I Suffered On 01/27/2019.")). In this lawsuit, Plaintiff seeks either an exact replacement of his walking stick, or full reimbursement of its cost, including taxes, shipping, and handling. (*Id*., PageID 45). He also seeks damages for mental anguish, and an award of attorney fees and the filing fee for this suit. (*Id*.). In total, he seeks an award of $25,000. (*Id*.).

---

[1] Plaintiff lists the previous five Defendants in the Complaint, but includes Chambers-Smith only in parentheses after naming the ODRC. (Doc. 5, PageID 29, 42). For completeness, the Undersigned will analyze the allegations in the Complaint as if raised against both the ODRC and Chambers-Smith.

**III.     Discussion**

The Court accepts these factual allegations as true for purposes of this screen. *Twombly*, 550 U.S. at 570. Even so, the factual allegations do not state a claim on which relief can be granted, for the overlapping reasons discussed below.

The Undersigned reads the Complaint as asserting a claim under 42 U.S.C. § 1983, which allows a person to seek relief for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." (Doc. 5; Doc. 1-2). To state a cause of action under § 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).

Although the Complaint does not indicate what legal right has been violated, the Undersigned construes the Complaint as alleging a claim for the taking of personal property without due process, a potential violation of the Due Process Clause of the Fourteenth Amendment. *See generally Gonzaga Univ. v. Doe,* 536 U.S. 273, 285 (2002) (Section 1983 "provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States."); *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010) (citing *United States v. McDonald*, 326 Fed. App'x 880, 882 (6th Cir. 2009)) ("courts may elect to recharacterize pro se filings for the benefit of the pleader"); U.S. CONST. amend. XIV, § 1 (providing that a person may not be deprived of "life, liberty, or property, without due process of law"). Among other things, the Due Process Clause "protects against the unlawful taking of a person's property by public officers." *Owens v. Corecivic, Inc.*, No. 3:20-cv-293, 2020 WL 7074704, at *3 (M.D. Tenn. Dec. 3, 2020) (applied in the context of a claim by a prisoner).

The allegations in the Complaint fail to state such a due process claim for two reasons. First, the situation Plaintiff describes does not represent a "taking" under the Fourteenth Amendment. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984) and *Lucien v. Johnson*, 61 F.3d 573, 575-76 (7th Cir. 1995)) ("Plaintiff's allegation that other inmates stole his property fails to state a claim against the prison officials because the prison's negligence in allowing the theft is not a 'taking' for purposes of the Fourteenth Amendment.").

Second, Plaintiff does not allege in the Complaint that state remedies for the reported deprivation of property are inadequate or unavailable. The Supreme Court of the United States has held that a complaint alleging the negligent or intentional loss of personal property does not state a cognizable claim for relief under § 1983 where state law provides an adequate remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Thus, a plaintiff "does not state a due process claim merely by alleging the deprivation of property." *Darling v. Lake Cnty. Bd. of Comm'rs*, No. 1:12-cv-194, 2012 WL 1902602, at *17 (N.D. Ohio May 25, 2012) (citing *River City Capital, L.P. v. Bd. of Cnty. Com'rs, Clermont Cnty., Ohio*, 491 F.3d 301, 306 (6th Cir. 2007) (citing *Parratt*, 451 U.S. 527)). A plaintiff must also plead "that state remedies for redressing the wrong are inadequate." *Perdue v. Ohio Dep't of Corr.*, No. 1:13-cv-878, 2014 WL 661707, at *5 (S.D. Ohio Feb. 19, 2014) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983) and citing *Hudson*, 468 U.S. 517 and *Parratt*, 451 U.S. 527). State remedies in this context may include, among other things, "a judicial remedy in tort." *Pilgrim v. Littlefield*, 92 F.3d 413, 417 (6th Cir. 1996). And, "[s]tate tort remedies generally satisfy the

postdeprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534-36).

Where a plaintiff "has not alleged any facts which indicate that the state post-deprivation remedies are inadequate or unavailable to redress the wrong," a property-deprivation claim like this one must be dismissed. *Thompson v. Esham*, No. 1:15-cv-553, 2016 WL 692542, at *1 (S.D. Ohio Feb. 22, 2016) (citing *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995)); *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985) (affirming dismissal of a § 1983 action brought by a prisoner alleging that his personal property was stolen from his cell while he was hospitalized, because "there is no cause of action . . . unless plaintiff pleads and proves that state remedies are inadequate."). Here, Plaintiff has not alleged that Ohio's post-deprivation remedies, particularly state tort remedies, are inadequate or unavailable, and so fails to state a claim on which relief can be granted under the Due Process Clause.

Had this claim been properly pled in the Complaint, it should be dismissed for another reason: it was filed too late and is now barred by the statute of limitations. The statute of limitations, or time limit, for bringing a § 1983 action is the state's general statute of limitations for personal injury claims. *Owens v. Okure*, 488 U.S. 235, 236 (1989). In Ohio, this statute of limitations is two years from when the claim accrued. *See Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007); *Harris v. German Twp.*, No. 3:19-cv-341, 2022 WL 866815, at *5 (S.D. Ohio Mar. 23, 2022). A claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Harris*, 2022 WL 866815, at *5 (citing *Cooey*, 479 F.3d at 416).

Plaintiff asserts that his walking stick was lost or stolen on August 8, 2018. (Complaint, PageID 43). He says that he has been "Totally Blind Without A Walking Stick Since" that same

6

date. (*Id*.). He also calculates that he has "Been Forced To Be Without [his] Walking Stick For Over Three Years and Seven Months." (*Id*., PageID 44).[2] His Complaint (submitted on March 27, 2022, and filed on March 29, 2022) was submitted more than two years after the violation alleged in it. (Doc. 1-1, PageID 18). It was also submitted more than two years after his January 27, 2019 fall, by which time he necessarily knew of his injury. (Complaint, PageID 44). The claim is therefore barred by the statute of limitations. For this additional reason, the Complaint should be dismissed.

In addition, neither the ODRC nor LoCI are "persons" that may be sued in § 1983 action. *See Stubbs v. Ohio Dep't of Rehab. & Corr.*, No. 1:17-cv-813, 2018 WL 575910, at *2 (S.D. Ohio Jan. 26, 2018), *adopted*, 2018 WL 1305466 (S.D. Ohio Mar. 12, 2018) ("the ODRC is not a 'person' within the meaning of 42 U.S.C. § 1983."); *Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-71 (1989)) ("A state prison is not a 'person' subject to suit under § 1983."). The claim against those Defendants should be dismissed.

With respect to the remaining Defendants, it appears that Blackwell, Popovich, and Condrac have been sued in their official capacities as Institutional Inspector, Case Manager, and UMA/ADA Coordinator, respectively. (Complaint, PageID 42, 43). *See Vittetoe v. Blount Cnty., Tenn.*, 861 F. App'x 843, 851 (6th Cir. 2021) (citing *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc)) ("We assume that a government official is being sued in his official capacity, unless the pleadings provide notice that he is being sued individually.").

---

[2] Plaintiff lists several "Kites, Informal Complaint[s], [and] Grievance[s]" he submitted at LoCI about his walking stick. (Complaint, PageID 41, 44). It appears that these were also filed some time after the walking stick was lost or stolen. The earliest was filed on August 8, 2021, three years later. (*Id*.).

Defendant Chambers-Smith may be sued in her official capacity as Director of the ODRC. (Complaint, PageID 39, 42).

Claims for monetary damages against state employees and officials, brought against them in their official capacities, are barred by the Eleventh Amendment to the United States Constitution. *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (quoting *Will,* 491 U.S. at 71); U.S. CONST. amend. XI. "The Eleventh Amendment 'denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent.'" *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). "The [Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Maben,* 887 F.3d at 270 (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). Thus, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio is immune from suit. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020). Although Plaintiff has not directly sued the State of Ohio here, he has sued employees of the State of Ohio.

The State of Ohio's immunity extends to suits for monetary damages against state employees who are sued in their official capacity, because such a suit is the same as a suit against the state itself. *See Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (citing *Graham*, 473 U.S. at 165) ("An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents."). Accordingly, any claims for damages against these Defendants in their official capacities is barred.

8

Finally, the facts alleged in the Complaint, though understandably serious to Plaintiff, are insufficient to subject each of the Defendants to liability. To the extent that Plaintiff's claims arise from the LoCI officials' denial of Plaintiff's grievances about his walking stick, those facts do not support a claim under § 1983. *See Grinter*, 532 F.3d at 576 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983."); *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension.").

The facts are otherwise not detailed enough with respect to what *each Defendant* did that allegedly violated federal law. "The Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did that violated the asserted constitutional right.'" *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). Thus, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012). Here, Plaintiff alleges only that the LoCI officials had been informed that his walking stick was lost or stolen. (Complaint, PageID 43). More would be required, if this Complaint were to proceed.

9

### IV. Conclusion

For all the reasons discussed above, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint (Doc. 5) in its entirety for failure to state a claim on which relief can be granted. The Undersigned also **RECOMMENDS** that the Court **DENY** Plaintiff's motion for appointment of counsel (Doc. 2) as moot.

Should the District Judge adopt this recommendation, the Undersigned further **RECOMMENDS** that the District Judge find that any appeal in this matter by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on appeal *in forma pauperis*.

Plaintiff is reminded that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred to a different institution.

### V. Procedure on Objections to this Report and Recommendation

If any party objects to this Report and Recommendation, that party may, **within fourteen (14) days of the date of this Report**, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision

of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    **IT IS SO ORDERED.**

June 9, 2022                                               */s/ Caroline H. Gentry*
                                                                      CAROLINE H. GENTRY
                                                                      UNITED STATES MAGISTRATE JUDGE